J-A01007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ESTATE OF ROSEMARIE NIXON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: CHRISTINA NIXON | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 364 EDA 2017 |

Appeal from the Decree December 21, 2016
In the Court of Common Pleas of Philadelphia County
Orphans' Court at No(s):  1201 PR of 2013

| | | |
|---|---|---|
| IN RE ESTATE OF: ROSEMARIE NIXON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: MARY NIXON | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 447 EDA 2017 |

Appeal from the Adjudication December 21, 2016
In the Court of Common Pleas of Philadelphia County
Orphans' Court at No(s):  No. 1201 PR of 2013

BEFORE:   OTT, J., PLATT*, J., and RANSOM*, J.

MEMORANDUM BY OTT, J.:                                        **FILED JUNE 01, 2018**

This consolidated appeal is brought from the Adjudication of the First and Final POA [Power of Attorney] Account of Mary Nixon, Agent for Rosemary Nixon, Deceased, entered December 21, 2016, in the Court of Common Pleas of Philadelphia County.  In the appeal at 447 EDA 2017, Mary Nixon, agent under power of attorney (POA) for Rosemarie Nixon (Decedent), presents five issues, more fully discussed below, that challenge, *inter alia*, the orphans'

_____

* Retired Senior Judge assigned to the Superior Court.

court's determination that a surcharge against her in the amount of $178,505.31 was proper, and the orphans' court's evidentiary ruling, limiting her use of documents and the calling of witnesses due to her failure to comply with the court's discovery orders. In the appeal at 364 EDA 2017, Mary's sister, Christina Nixon, co-executor of the Estate, and objectant to Mary Nixon's First and Final Account, presents two issues, challenging the denial of her motion *in limine* to preclude testimony of Mary Nixon pursuant to the Pennsylvania Dead Man's Act and the denial of her motion for summary judgment. Sheila Nixon, sister of Mary and Christina, and a residuary beneficiary under the will of Decedent, has joined in the brief filed by Christina. Based upon the following, we affirm the Adjudication in the appeal at 447 EDA 2017. We dismiss the appeal at 364 EDA 2017.

The orphans' court has fully summarized the facts and procedural history. **See** Pa.R.A.P. 1925(a) Opinion, 6/22/2017, at 1-11; Adjudication, 12/21/2016, 1-6. Therefore, we simply state the facts relevant to our discussion.

Mary Nixon and her brother, James Nixon, were co-agents under a general POA executed by Decedent on January 1, 2010. It appears undisputed that Mary acted on her own as agent under the POA. Decedent died testate on April 13, 2013, survived by her nine children: Mary Nixon, Christina Nixon, James Nixon, Sheila Springer, A.P. Jack Nixon, Brian Nixon, Susan Nixon, Kathleen Wiederkehr, and Sean Nixon. Mary was named co-executor with her sister, Christina, and brother, James, but she subsequently resigned as co-

executor. The orphans' court's decree of December 12, 2013, confirms her resignation.

A petition to compel accounting was filed by Christina only, as co-executor, on September 23, 2013. *See* 20 Pa.C.S. § 5610. On August 20, 2014, Mary filed an Account for the period from January 1, 2010, to April 13, 2013.

Christina, as co-executor, James, as co-executor, and Sheila, as a residuary beneficiary, each filed separate objections to the Account on October 3, 2014. Thereafter, a Scheduling and Discovery order, dated November 20, 2014, was entered on November 25, 2014. The Order established a 90-day discovery deadline which was later extended to March 23, 2015 by stipulation among the parties, Christina, James, Sheila, and Mary, through their attorneys.

On December 1, 2014, Sheila sent the First Set of Interrogatories and Production of Documents. As there was no response by Mary, on January 28, 2015, Sheila filed a petition to compel discovery and award sanctions. On March 10, 2015, the orphans' court dismissed the petition since the parties had executed the above-mentioned stipulation to extend discovery deadlines.

On November 5, 2015, Christina filed a motion to preclude Mary from calling witnesses or offering documents because Mary had not complied with the discovery orders. By order entered November 9, 2015, the orphans' court judge precluded Mary from calling witnesses or presenting documents, but allowed her to testify as a witness on her own behalf. On November 12, 2015,

Christina filed a motion *in limine* to preclude the testimony of Mary pursuant to Pennsylvania's Dead Man's Act, 42 Pa.C.S. § 5930. In addition, on November 30, 2015, Christina filed a motion for summary judgment, seeking a surcharge against Mary in the amount of $197,748.28. Christina's summary judgment motion set forth her position that if the orphans' court granted Christina's motion *in limine* and precluded Mary from testifying, there would be no genuine issue of any material fact as to a necessary element of Mary Nixon's defense, and therefore Christina was entitled to judgment as a matter of law.

The orphans' court conducted a hearing on February 2 and 3, 2016. The orphans' court judge allowed Mary to testify provisionally, deferring decision on Christina's motion *in limine* and motion for summary judgment. On December 21, 2016, the orphans' court judge issued his Adjudication, which assessed a surcharge against Mary in the amount of $178,505.31. The judge entered separate, contemporaneous orders denying Christina's motion *in limine* and motion for summary judgment. These appeals, which have been consolidated by this Court *sua sponte*, followed.[1] **See** Order, 2/22/2017.

---

[1] Mary and Christina both timely complied with the orphans' court's orders that directed the filing of Pa.R.A.P. 1925(b) statements of errors complained of on appeal.

APPEAL AT 447 EDA 2017[2]

Mary, in her appeal, raises five issues for this Court's review:

> 1. Did the Court commit an abuse of discretion in preventing Mary from calling witnesses or offering documents at trial?

> 2. Did the Court commit an abuse of discretion in determining that Mary's testimony was "vague and unsupported" based on its own preclusion of calling witnesses or offering documents such as forensic accounting reports, receipts and monthly financial statements?

> 3. Did the Court commit an abuse of discretion in determining that Mary's failure to account for credit card transactions, fully account for all expenditures and keep receipts of cash transactions constituted a breach of fiduciary duty where the Court failed to allow the introduction of testimony and documents that would have provided the necessary explanations?

> 4. Did the Court commit an abuse of discretion in determining that Mary's change of beneficiary for the Best Vest IRA constituted self-dealing when Mary offered testimony regarding the reasoning behind [D]ecedent's decision to change the beneficiary but was unable to provide supporting testimony or documentation?

> 5. Did the Court commit an abuse of discretion in failing to recognize the monetary value of over three years of around the clock care that Mary provided to [D]ecedent to her personal detriment?

Mary's Brief at 3-4.

Our scope and standard of review are well settled:

---

[2] Although Christina's appeal is listed at 364 EDA 2017, sequentially before Mary's appeal at 447 EDA 2017, the orphans' court docket reflects Mary's appeal was filed first in time, at 11:16 a.m. on January 20, 2017, and Christina's appeal was filed second, at 3:43 p.m. on January 20, 2017.

When reviewing a decree entered by the Orphans'Court, this Court must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the Orphans' Court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion. However, we are not constrained to give the same deference to any resulting legal conclusions. The Orphans' Court decision will not be reversed unless there has been an abuse of discretion or a fundamental error in applying the correct principles of law.

This Court's standard of review of questions of law is *de novo*, and the scope of review is plenary, as we may review the entire record in making our determination. When we review questions of law, our standard of review is limited to determining whether the trial court committed an error of law.

*In re Feidler*, 132 A.3d 1010, 1018 (Pa. Super. 2016) (en banc) (citations and quotations omitted), *appeal denied*, 145 A.3d 166 (Pa. 2016).

At the outset, it is important to note that although all of the above-stated issues were preserved in Mary's Rule 1925(b) concise statement, only the final issue is set forth in the argument section of Mary's brief.[3] As such, the first four issues have been waived. *See In re Estate of Mumma*, 125 A.3d 1212, 1217 (Pa. Super. 2015) (failure to address issue in argument section of brief results in waiver for lack of development on appeal), *appeal denied*, 145 A.3d 727 (Pa. 2016).

---

[3] Mary's brief discusses three issues. The first two issues address the issues raised in Christina's appeal at 364 EDA 2017, namely, the denial of Christina's motion *in limine* and the denial of Christina's motion for summary judgment. The final issue listed in Mary's "Statement of the Questions Involved" is set forth in her brief, with an added claim of "attorney error."

In the final claim, Mary contends "the orphans' court erroneously failed to acknowledge or recognize Mary's substantial contribution to [Decedent's] care over a period of three years, three and a half months, as testified to by Mary and James and further failed to take into account the extent to which Mary was victimized by attorney error." Mary's Brief at 14. No relief is due.

First, contrary to the argument of Mary, the orphans' court did recognize Mary's contribution to Decedent's care. The orphans' court opined:

> In evaluating the various unexplained and unaccounted for disbursements, the Court carefully evaluated the testimony of the witnesses who confirmed Mary's actions as full time caregiver for Mrs. Nixon and the extent of the services provided. The hours expended by her prevented her from being able to obtain outside employment sufficient to generate income to pay for the necessary expenses incurred in the upkeep of her own home. The Court thus found that expenditures by Mary totaling $19,242.97 for her PECO, PGW, water, homeowners and automobile insurance bills were proper disbursements.
>
> Generally services by a daughter to her mother are presumed to be a gift. Mrs. Nixon notified her children in November 2007 that she wanted Mary to care for her, and they earned either then or at some future time, as is referenced in the Will and Codicils, that she had given Mary the house on Delancy Street, and the changes made in her Second Codicil were "in recognition and appreciation of the fact that she [Mary] has taken care of me since her return to Philadelphia."
>
> Notwithstanding the above, any claim that Mary may have pursuant to any alleged agreement with Mrs. Nixon is not properly before this Court as part of the adjudication of the power of attorney account, but rather would be a claim to be asserted against Mrs. Nixon's Estate.

Orphans' Court Pa.R.A.P. 1925(a) Opinion, 6/22/2017, at 22-23. As Mary's argument in her brief focuses on "attorney error," discussed below, she

presents no basis upon which to find the orphans' court's foregoing analysis constitutes an abuse of discretion.

Furthermore, Mary's argument that she was not permitted to call witnesses due to "attorney error" in failing to meet the discovery deadline was not raised in the trial court nor in her Pa.R.A.P. 1925(b) statement, and is presented for the first time in this appeal. As such, it is waived. **See** Pa.R.A.P. 302 ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal"); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or raised in accordance with the provisions of this paragraph (b)(4) are waived."). **See also In re Estate of Mumma, supra**, 125 A.3d at 1219 (finding issue that was not included in Pa.R.A.P. 1925(b) statement waived for purposes of appellate review).

In any event, Mary's argument of "attorney error" fails because her former and current counsel were aware of the former counsel's failure to meet the court-ordered discovery deadline and had ample opportunity to try to correct the situation. As the orphans' court explained:

> Mary failed to respond to discovery requests until after the filing of a Motion to Compel by Sheila Springer. Despite providing answers to the discovery requests and the extension of the deadline for designation of witness[es] and documents to be used at trial, Mary failed to comply with either the Court Decrees or the parties' Stipulation requiring the separate designation and identification of witnesses and documents for trial. She and her counsel, Murray Dolfman, Esquire, were both present at the pre-trial conference [o]n October 27, 2015, when the issue of failure to designate was brought to the Court's attention. Despite being given an opportunity to respond, no witnesses or document lists were provided.

Mr. Dolfman made no effort to petition the Court for relief, *nunc pro tunc*, from the Court's October 28, 2015 Decree providing "no further discovery or amendment of witness lists shall be permitted except in the interest of justice and/or a showing of due diligence in attempting to comply with same.

When the issue was raised again in Christina's Motion to Preclude, no designations were produced, nor ha[d] there ever been any showing of due diligence in attempting to comply by Mary or her counsel.

Mary Nixon, as well as her counsel, Mr. Dolfman, were aware of the Court's case management order and the deadlines therein. The sanctions for failure to comply were clearly set forth, and even after the October 27, 2015 conference, the Court permitted Mr. Dolfman ample opportunity to provide copies of his designations or to offer an explanation for his failure to disclose….

Even after entry of the preclusion order, Mr. Dolfman failed to petition the Court for any relief, *nunc pro tunc*. He withdrew from the case, leaving to Mary's new attorney, Lawrence J. Avellone, Esquire, to handle the situation.

Mr. Avallone filed Exceptions which were denied as procedurally improper as the preclusion order was not a final order from which an appeal could be taken. He attached to the Exceptions Mary's answers to Interrrogatories. No separate designation and identification of the specific witnesses to be called at trial was submitted. No designation and identification of any documents was attached. Mr. Avallone, in an effort to justify their failure to comply with the Court's Decrees and in support of her Exceptions to the Court's preclusion decree, couched his argument as though it was a mere discrepancy in format which would result in no prejudice to the other parties. Counsel seemed to ignore the fact that his client and her prior counsel had willfully failed to comply with the Court's decrees, and failed to take advantage of the numerous opportunities provided to them to request relief.

At trial, no request was made by Mr. Avellone, in the interest of justice, to permit him to call other witnesses, offer documents, or even use documents that had been produced by other parties in discovery for other non-evidentiary purposes, such as to refresh her recollection.

****

It was with the greatest reluctance that the Trial Court enforced the Stipulation entered into by the parties, including Appellants Mary Nixon and Christina Nixon, thereby precluding evidence. Fairness dictated no other result. …

Orphans' Court Pa.R.A.P. 1925(a) Opinion, 6/22/2017, at 13-15 (footnote omitted), and 25. Consequently, even had this aspect of Mary's claim been properly preserved, we would find it does not warrant any relief.

Therefore, we reject Mary's challenge to the orphans' court's Adjudication, and affirm the Adjudication with respect to Mary's appeal at 447 EDA 2017.

### APPEAL AT 364 EDA 2017

Christina, in her appeal, presents the following two questions:

1. Does a personal representative waive the ability to assert Pennsylvania's Dead Man's Rule, 42 Pa.C.S. § 5930, against an adverse witness by taking discovery where the personal representative only took discovery from third parties and did not take discovery from the adverse witness?

2. If this Court reverses the Orphans' Court on Question 1 above, was Appellant Christina Nixon, as personal representative of Rosemarie Nixon, Deceased, entitled to summary judgment on grounds that Appellee Mary Nixon would not be permitted to present evidence at the hearing with respect to Mary's accounting of her actions as agent under power of attorney for Rosemarie Nixon?

Christina's Brief at 3.

Here, Christina challenges the denial of her two pretrial motions, the motion *in limine* to preclude the testimony of Mary based upon the Dead Man's

Act, and the motion for summary judgment. As mentioned above, the orphans' court deferred both motions and permitted Mary to testify provisionally at the hearing. On the same day the Adjudication was filed, the orphans' court entered separate orders denying Christina's motion *in limine* and motion for summary judgment. The orphans' court explained that Christina's motion *in limine* was denied because Christina had waived the provisions of the Dead Man's Act by her participation in informal discovery.[4] **See** Pa.R.A.P. 1925(a) Opinion, 6/22/2017, at 23-24; Adjudication, 12/21/2016, at 3. The orphans' court further opined that after a hearing on the merits, Christina's summary judgment motion was rendered moot. **See** Pa.R.A.P. 1925(a) Opinion, 6/22/2017, at 25.

Notably, even though the $178,505.31 surcharge assessed against Mary is less than the $197,748.28 amount that Christina sought in her summary judgment motion, Christina takes the position that if this Court denies Mary's appeal at 364 EDA 2017, the issues raised in the instant appeal are moot. **See** Christina's Brief at 5, 15. Christina reiterates this position in her reply brief:

---

[4] In support of his finding that Christina's participation in informal discovery was sufficient to waive the Dead Man's Act, the orphans' court judge cited **In re Bolinger's Estate**, 24 D.&C.3d 760, 762 (Fayette Co. O.C. 1980). **See** Pa.R.A.P. 1925(a) Opinion, 6/22/2017, at 23. We recognize there is a split of authority regarding the issue of whether the Dead Man's Act is waived by participation in informal discovery, but further discussion on this issue would be advisory as we conclude in our discussion below that this issue is moot.

> [Christina] notes that, if this Court dismisses [Mary's] appeal, [Christina's] issues are moot. … Though [Christina] disagreed with the lower court's conclusion that $19,242.97 in expenditures were appropriate (see ADJUDICATION at p. 11), she would not have appealed over this amount. ….

Christina's Reply Brief, at 19 n.77.

Accordingly, having found the arguments raised in Mary's appeal at 447 EDA 2015 to be waived and/or meritless, and accepting Christina's position that the issues raised in her appeal at 364 EDA 2017 have therefore been rendered moot by our disposition that denies Mary's appeal, we dismiss Christina's appeal at 364 EDA 2017.

Adjudication of December 21, 2016 affirmed at 447 EDA 2017.  Appeal dismissed at 364 EDA 2017.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/1/18

- 12 -